IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODY K. BUTTS, | : | |
| | : | 1:11-cv-597 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| DEPARTMENT OF LABOR & | : | |
| INDUSTRY, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### November 10, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 14), filed on October 18, 2011, which recommends that complaint be dismissed and that this case be closed. No objections to the R&R have been filed by any party.[1]  For the reasons set forth below, the Court will adopt the R&R.

## I.      STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections to the R&R were due by November 4, 2011.

before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the

Third Circuit, however, "the better practice is to afford some level of review to

dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874,

878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation."  Fed. R. Civ. P.

72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating

"the failure of a party to object to a magistrate's legal conclusions may result in the

loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F.

Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa.

1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's

examination of this case amply confirms the Magistrate Judge's determinations.

## II.    DISCUSSION

This *pro se* action was filed by Plaintiff Jody K. Butts ("Plaintiff"), along

with an application to proceed *in forma pauperis*.  Magistrate Judge Smyser granted

Plaintiff's application to proceed *in forma pauperis* and reviewed the complaint in

accordance with 28 U.S.C. § 1915(e)(2).  Magistrate Judge Smyser determined that

the Plaintiff had failed to state any cognizable claim and issued a previous R&R

recommending that her complaint must be dismissed without leave to amend.

Thereafter, Plaintiff filed a submission with the Court which we construed as

objections to the R&R as well as an attempt to clarify her claims, which were essentially discrimination based on disability, age and race.  Thus, we rejected the Magistrate Judge's recommendation of dismissal and remanded the matter to Magistrate Judge Smyser to consider granting Plaintiff leave to amend her complaint as well as a motion for appointment of counsel filed by her.[2]

Upon remand, Magistrate Judge Smyser ordered Plaintiff to file an amended complaint that states a claim upon which relief may be granted on or before September 27, 2011.  Plaintiff did not file an amended complaint, nor did she request an extension of time.  Thus Magistrate Judge Smyser reviewed the original complaint as filed by Plaintiff and concluded that while it alleges discrimination in a conclusory manner, it does not support the allegation of discrimination with facts. He notes that the complaint does not allege how each Defendant discriminated against the Plaintiff and on what basis each Defendant did so.  Thus, Magistrate Judge Smyser concludes that the Plaintiff does not allege any facts from which a reasonable inference could be drawn that the Defendants illegally discriminated against the Plaintiff.  We agree fully with this analysis.

---

[2] Magistrate Judge Smyser conditionally granted Plaintiff's appointment of counsel motion, dependent on whether the Middle District of Pennsylvania's *Pro Bono* Chair could obtain counsel for Plaintiff.  Unfortunately, counsel was unable to be obtained, and Magistrate Judge Smyser vacated the order conditionally granting the motion for appointment of counsel.

While we recognize that *pro se* pleadings are to be liberally construed, and that *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, complaints, even by *pro se* litigants "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's inarticulate complaint falls far short of that mark, and as such, must be dismissed.

As we have already mentioned, the Plaintiff has failed to file an amended complaint as directed and has also failed to file objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.